UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

        v.

**ROBERT PAUL PATTON**,

        Defendant.

Criminal Case No. 3:12-CR-00652-KI

OPINION AND ORDER

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Gary Y. Sussman
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Whitney P. Boise
Megan E. McVicar
Hoevet, Boise & Olson, P.C.
1000 S.W. Broadway, Suite 1500
Portland, Oregon  97205

    Attorneys for Defendant

KING, Judge:

Defendant Robert Paul Patton is charged with one count of Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B) and (b)(2).  On September 16, 2013, I denied Defendant's Motion to Suppress Evidence and for a Franks Hearing [17], Defendant's Motion to Suppress Evidence of Child Pornography [15], and Defendant's Motion to Suppress Evidence Obtained from Warrants Lacking Specificity [19].  Currently before the court is Defendant's Motion for Reconsideration [49].

Patton asks me to reconsider my ruling denying his motion to suppress evidence of child pornography.  He notes my analysis primarily addressed Dougherty v. City of Covina, 654 F.3d 892 (9th Cir. 2011), cert. denied, 133 S. Ct. 1725 (2013), and contends the search warrant affidavit fails to establish probable cause to search his computer for child pornography if I apply the standard articulated in United States v. Gourde, 440 F.3d 1065 (9th Cir. 2006) (en banc).  Patton interprets Gourde as follows:

> In United States v. Gourde, 440 F.3d 1065 (9th Cir. 2006), the Ninth Court identified three elements that must be found prior to authorizing a search for child pornography:  (1) that there are images constituting child pornography; (2) that the suspect possesses those images; and (3) that those images would be found in the place to be searched, e.g., on the suspect's computer.

Def.'s Mot. for Recons. at 1.

Page 2 - OPINION AND ORDER

The government argues <u>Gourde</u> does not set forth the exclusive means for establishing probable cause in a child pornography case. <u>Gourde</u> explained:

> The contours of probable cause were laid out by the Supreme Court in its 1983 landmark decision, <u>Illinois v. Gates</u>, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed.2d 527. In contrast to the more exacting, technical approach to probable cause in cases before <u>Gates</u>, <u>see id.</u> at 230, 103 S. Ct. 2317 n. 6, <u>Gates</u> itself marked a return to the "totality of the circumstances" test and emphasized that probable cause means "fair probability," not certainty or even a preponderance of the evidence. <u>Id.</u> at 246, 103 S. Ct. 2317. In short, a magistrate judge is only required to answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place" before issuing a search warrant. <u>Id.</u> at 230, 103 S. Ct. 2317.
>
> The Supreme Court also used <u>Gates</u> as a vehicle to elaborate on our role as a reviewing court. We are not in a position to flyspeck the affidavit through de novo review. <u>Id.</u> at 236, 103 S. Ct. 2317 ("[A]fter-the-fact scrutiny by courts of the sufficiency of the affidavit should not take the form of de novo review"). Rather, the magistrate judge's determination "should be paid great deference." <u>Id.</u> (quoting <u>Spinelli v. United States</u>, 393 U.S. 410, 419, 89 S. Ct. 584, 21 L. Ed.2d 637 (1969)). This deferential approach is the antithesis of a "grudging or negative attitude" toward search warrants and "a hypertechnical rather than a commonsense" analysis. <u>United States v. Ventresca</u>, 380 U.S. 102, 108–09, 85 S. Ct. 741, 13 L. Ed.2d 684 (1965); accord <u>United States v. Seybold</u>, 726 F.2d 502, 505 (9th Cir.1983) (holding that our limited scope to review simply means determining whether the magistrate had a substantial basis for concluding there was a fair probability that evidence would be found).

<u>Gourde</u>, 440 F.3d at 1069.

After carefully considering Patton's arguments, I conclude <u>Gourde</u> should not be interpreted as rigidly as Patton argues. Probable cause is necessarily a "fluid and nontechnical" concept, <u>United States v. Hill</u>, 459 F.3d 966, 972 (9th Cir. 2006), because the fact situations vary so much from case to case. In <u>Gourde</u>, the agents were investigating the members of a child pornography website, including the defendant. <u>Gourde</u>, 440 F.3d at 1067-68. Here, the detectives were investigating allegations of child sex abuse. Information coming from very different sources

Page 3 - OPINION AND ORDER

can lead to similar inferences which are sufficient to provide probable cause to search a computer for child pornography.

I acknowledge the question is a close one, and I would welcome Ninth Circuit guidance on how to coalesce the various cases on child pornography, but I decline to change any of my rulings.

Defendant's Motion for Reconsideration [49] is denied.

IT IS SO ORDERED.

Dated this \_\_\_\_8th\_\_\_\_ day of January, 2014.

                          /s/ Garr M. King
                          Garr M. King
                          United States District Judge