IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:12-cr-00652-HZ |
| Plaintiff, | ORDER |
| v. | |
| ROBERT PAUL PATTON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

    Defendant Robert Paul Patton moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and a

---

[1] Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

reduction in his sentence would undermine the sentencing factors under § 3553(a), the Court denies Defendant's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

The effect of COVID-19 on federal prison operations and Defendant's medical conditions do not constitute an extraordinary and compelling reasons to reduce his sentence. Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces. Defendant is 52 years old and has Type 2 diabetes, obesity, and hypertension. Def. Mot. 15, ECF 112; Def. Ex. B. Defendant's age and his health conditions elevate his risk of becoming seriously ill from COVID-19.[2] But Defendant received both doses of the COVID-19 vaccine. Def. Mot. 3. Defendant is currently serving his sentence at FDC Sheridan. As of September 20, 2021, FCI Sheridan had a prison population of 1,557 with 97 inmates and 2 staff testing positive for COVID-19 and 130 inmates and 18 staff recovered.[3] The significant lockdown conditions cited by Defendant are applicable to most other inmates. Def. Mot. 17. Thus, Defendant has not demonstrated extraordinary or compelling reasons to reduce his sentence to time served.

In addition, Defendant's release would undermine the sentencing factors under 18 U.S.C. § 3553(a). Defendant has served most of his ten-year sentence, and with good conduct time credit he has a projected release date of August 31, 2022. Def. Mot. 3. But both the nature of Defendant's underlying offense and his criminal history are significant. Reducing Defendant's

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021); *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated August 2, 2021).
[3] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated September 17, 2021).

3 – ORDER

sentence further would undermine the sentencing factors under § 3553(a). The sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [112].

IT IS SO ORDERED.

DATED: October 2, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER